**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**
**IN ADMIRALTY**

| | |
|---|---|
| In the Matter of the Complaint of ) | |
| DOUGLAS R. MARTIN, as the owner of ) | C.A. No. _____ |
| the 2005 63' M/V FEAR KNOT,  USCG ) | |
| O.N. 1179072, HIN BERZ5004D4052023, ) | **COMPLAINT FOR** |
| for purposes of the Limitation of Liability ) | **EXONERATION FROM OR** |
| Act, 46 U.S.C. §§30501, *et seq.*., ) | **LIMITATION OF LIABILITY** |
| ) | **(NON-JURY)** |
| For exoneration from, or limitation of, ) | |
| liability. ) | |
| ) | |
| Plaintiff-in-Limitation. ) | |

1.      Plaintiff-In-Limitation DOUGLAS R. MARTIN (hereinafter "Plaintiff-In-Limitation"), by and through undersigned counsel, as an Owner for purposes of the Limitation of Liability Act, 46 U.S.C. §§30501, et seq., and Supplemental Rule F, respectfully alleges upon information and belief as follows: This is an Admiralty and Maritime Action within the meaning of 28 U.S.C. §1333 and 46 U.S.C. §30501, et seq., and Rule 9(h) of the Federal Rules of Civil Procedure.

2.      This action concerns the marine casualty occurring on or about July 19, 2023 in the navigable waters of the Intracoastal Waterway near Little River, South Carolina, involving the 2005 63' Bertram Vessel M/V Fear Knot (HIN BERZ5004D4052023) and a 23-foot 232 Cobalt Bowrider pleasure vessel (the "Recreational Vessel").

3.      This Court has subject matter jurisdiction over the matters raised in this Complaint and personal jurisdiction over the parties to this action.

4.      Venue is proper in this District under Rule F (9), Supplemental Rules for Certain Admiralty and Maritime Claims, as the events giving rise to the claims occurred, and a

1

substantial part of the property that is the subject of the action, including the Vessel, is situated within this District.

5.    In a separate action, various Claimants have asserted third-party claims against the Plaintiff-In-Limitation now before the Court, including allegations of negligence, wrongful death liability, survival action liability, and veil-piercing/alter-ego theories.

6.    The Third-Party claims by Claimants are pending before this Court in a related limitation action brought by the titled owner of the M/V FEAR NOT, Quantum Leap Charters, LLC ("Quantum Leap"). See Quantum Leap Charters, LLC vs. Estate of Oliva Knighton, Claimant, et al, Civil Action No. 4:24-cv-00271-JD.

7.    The Court ordered issuance of a monition protecting Quantum Leap Charters and the Bertram Vessel (M/V Fear Knot) from claims other than those contesting Quantum Leap's complaint for protection as permitted by U.S.C. §§30501 et seq. for damages arising from the marine casualty, which has already issued from this Court.  See Entry No. 7  in Civil Action No. 4:24-cv-00271-JD.

8.    The monition then issued did not injunctively protect or implicate the Plaintiff-In-Limitation's interests in the Bertram Vessel against claims, as no written notice of claim had been made against him personally in connection with the Bertram Vessel's alleged involvement in the marine casualty.

9.    Subsequently, in amended pleadings in Civil Action No. 4:24-cv-00271-JD, Claimants seek to hold Plaintiff-In-Limitation liable in damages arising from the same marine casualty on account of alleged navigational errors of the Bertram Vessel (which are expressly denied), and on Plaintiff-In-Limitation's ownership, controlling interest and

managing member status in Quantum Leap and in exercising its control over, and use of, the Bertram Vessel and assignments to its crew, Capt. Ryan Powers.

10.     At all material times hereto, the Bertram Vessel was seaworthy, properly titled, and was tight, staunch, strong, fully and properly manned, equipped and supplied, and was in all respects seaworthy and responsibly fit for the use in and around the coastal waters of the United States.

11.     On the afternoon of July 19, 2023, the Bertram Vessel was traveling through the Intracoastal Waterway when the Claimants' vessel encountered the wake of the Bertram Vessel and a passenger on the vessel t sustained injuries requiring emergency medical care and attention and ultimately succumbed to those injuries.

12.     The incident at issue and any ensuing damages, personal injury damages, personal injury, death, and property loss, were not caused by any fault of the Bertram Vessel, Plaintiff-In-Limitation, or any person or entity for whose actions the Vessel or Plaintiff-In-Limitation are responsible. Neither the Bertram Vessel, nor the Plaintiff-In-Limitation are liable to any extent, and they are entitled to exoneration from liability for all losses, injury, death, and damages occasioned and incurred by, or as a result of the incident.

13.     Plaintiff-In-Limitation further alleges all losses, injury, death and damages resulting from the incident occurred as a result of the actions, omissions, or conditions which Plaintiff-In-Limitation did not participate in, has knowledge of, or have reason to know about.

14.     By virtue of the claims asserted against Plaintiff-In-Limitation, and as allowed under the Limitation of Liability Act, Plaintiff-In-Limitation qualifies for its protections and for purposes of the Act only, as an owner of the Bertram Vessel,  and he therefore

3

seeks exoneration from or limitation of liability consistent with 46 U.S.C. §§30501, et seq. and Supplemental Rule F.

15. Plaintiff-In-Limitation, Martin, as an alleged, ultimate controlling owner of the Bertram Vessel, should be exonerated of and from any liability for losses, injuries, death, or damages arising out of the incident above, as it was not caused by any neglect of the Plaintiff-In-Limitation or the Bertram Vessel.

16. The casualty and any resulting damages were not caused or contributed to by any fault within the privity or knowledge of Plaintiff-In-Limitation.

17. Thus, and without admitted liability, in the event the Bertram Vessel is held responsible to anyone by reason of the matter set forth above, Plaintiff-In-Limitation, Doug Martin, claims the benefits of the limitation of liability provided in 46 U.S.C. §§30501, et seq.

18. The Bertram Vessel had a value of approximately $800,000 at the time of the accident (see Ad Interim Stipulation for Value to be filed herein).

19. The amount of damages from the potential claims may exceed the amount of Plaintiff-In-Limitation's interest in the Bertram Vessel.

20. This action is timely filed, as the first written notification of intention to hold Plaintiff-In-Limitation Liable for alleged navigational errors of the Bertram Vessel was received within six months prior to the filing of this Complaint.

21. Plaintiff-In-Limitation files herein a Stipulation of Security for Value and Costs, in the appropriate form for payment into Court of the amount of Plaintiff-In-Limitation's interest in the Bertram Vessel, and for costs with interest at the rate of 6% per annum; and in addition thereto, Plaintiff-In-Limitation is prepared to give bond in lieu of a

4

Stipulation, or provide a further stipulation for any amount in excess of the Stipulation of Security for Value and Costs as may be ascertained and determined to be necessary under the orders of this Court, and as provided by the laws of the United States and the Federal Rules of Civil Procedure. In no event, however, in combination with Quantum Leap's interest in the Bertram Vessel, shall the amount of available security against claims of damages cumulatively exceed the value of the Bertram Vessel at the time of the marine casualty.

**WHEREFORE,** Plaintiff-In-Limitation, Doug Martin, prays for exoneration from all liability; or, in the alternative, limitation of liability to the value of Plaintiff-In-Limitation's interest in the Vessel and pending freight, if any, and he further respectfully requests:

A.    Upon the filing of the Stipulation of Security for Value and Costs described above, this Honorable Court direct the Clerk of Court to issue the Notice as proposed and filed by Plaintiff-In-Limitation herein, which admonishes all persons, firms, or corporations asserting claims for any and all losses, damages, death, injuries or destruction with respect to which Plaintiff-In-Limitation seeks Exoneration From or Limitation of Liability, to file their respective claims with the Clerk of this Court as permitted therein and to serve upon Plaintiff-In-Limitation's attorney a copy thereof, on or before the due date specified in the Notice;

B.    Upon the filing of the Ad Interim Stipulation for Value herein described, the Court issue the proposed injunction to be filed by Plaintiff-In-Limitation herein, which restrains the commencement or prosecution of any action or proceeding of any kind against Plaintiff-In-Limitation, the Vessel, and/or any of Plaintiff-In-Limitation's

5

property, with respect to any claim for which Plaintiff-In-Limitation seeks limitation, including any claim arising out of or connected with any loss, death, injuries, damage, or destruction resulting from the incident described in the Complaint;

C.      This Court adjudge Plaintiff-In-Limitation and the Vessel not liable to any extent whatsoever for any losses, death, injuries, damages or destruction, or for any claim whatsoever done, occasioned, or incurred as a result of the matters and happenings referred to in this Complaint, or in the alternative, if the Court adjudges that the Bertram Vessel, its operator or Quantum Leap is liable, and such that Plaintiff-In-Limitation might be liable vicariously or for any other reason in connection with the Bertram Vessel's liability in any amount whatsoever in connection with the marine casualty, that the Plaintiff-In-Limitation's liability may be limited to the value of Plaintiff-In-Limitation's interest in the Bertram Vessel, and may be divided pro-rata among such Claimants, and that such a judgment be entered discharging Plaintiff-In-Limitation and the Vessel of and from any and all further liability, and forever enjoining and prohibiting the filing or prosecution of any claims against Plaintiff-In-Limitation, and the Bertram Vessel, or their property, in consequence of, or connected with the matters and happenings referred to in this Complaint; and

D.      This Court grant Plaintiff-In-Limitation such other and further relief as this Court deems just and proper.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

6

Respectfully submitted,

TECKLENBURG, JENKINS & JACOBY, LLC


By: _s/Paul F. Tecklenburg_____
    Paul F. Tecklenburg (Fed ID #3702)
    Rivers T. Jenkins, III (Fed ID #5631)
    Colleen E. Jacoby (Fed ID #13238)
    1250 Folly Road
    Charleston, South Carolina 29412
    Telephone: (843) 534-2628
    Facsimile: (843) 534-2629
    Email: pft@tecklaw.net; rtj@tecklaw.net;
        cej@tecklaw.net
    ***ATTORNEYS FOR PLAINTIFF-IN-
    LIMITATION, DOUGLAS R. MARTIN***

Charleston, South Carolina
May 14, 2026

7